First matter on today's calendar, Law Offices of Francis J. O'Reilly v. Salin Finance, 21-4067. Hold on, Mr. Cuevas. Thank you. Alright, please proceed. Thank you, Your Honor. Good morning, Mayor and Chief of Court. My name is Carlos Cuevas. I represent the Appellate Law Office of Francis J. O'Reilly. The Bankruptcy Court denied appellate legal team authority to the successful defense of a contempt order on two grounds. One, the Bankruptcy Court reasoned that the prosecution of an appeal is not a violation of the discharge order. And secondly, that it did not have the jurisdiction to avoid appellate legal fees. It respectfully represented that that reasoning is incorrect. I'd like to draw the Court's attention to the balancing decision written by Circuit Judge Sullivan, which is the last discharge decision written by this Court. There, the issue was whether a violation of the discharge order was subject to arbitration. Judge Sullivan gave primarily three reasons stating that the issue was not subject to arbitration. One, it followed the Anderson decision, which was a recent decision by a three-judge panel. And Judge Sullivan said, essentially, the work of this Court is done by three-judge panels. And he felt bound by that decision. Two, that this Court and other courts reasoned that only the Bankruptcy Court had the authority to enforce its own order of discharge injunction. And three, it looked at the Taggart decision, which is the most recent decision by the Supreme Court regarding the discharge injunction. Can I ask a question about Taggart? So Taggart has that great line about the old soil that existed even before the Bankruptcy Code. Are there cases pre-Bankruptcy Code in which Bankruptcy Courts awarded fees for appeals? I couldn't find any, and I was surprised. Not to the best of my recollection, no. I thought maybe you had better luck than I did, but although this is old soil, it was hard to find any plants growing in that old soil. But given that it's equity jurisprudence, and Weitzman is a very important case in this circuit regarding equity jurisprudence. Weitzman does not quite answer the question before us, it seems to me, since it's premised on a different rule and does not have a bankruptcy component to it. So why should we apply Weitzman here? Because it's still a contempt, and it's an appeal of a contempt. And it goes down to the concept of the compensatory nature of a civil contempt. The basic policies that were expressed in Weitzman, that were also expressed by Justice Breyer in a unanimous opinion, state that one of the goals of a civil contempt is compensating the victim. And unless you award appellate legal fees, then— Well, let me ask you about that. So was your defense of the first appeal successful? Yes. What should we make, then, of the district court's partial remand? Well, the partial remand had to do with the differentiation solely between whether the damages awarded to the victim were compensatory or punitive. Was that argued below, or was that something that was just discussed after the fact? It was not argued in the trial court. It was a Scrivner's error in the order. I see. Which was very quickly addressed. So if you look at Kager and the discussion of civil contempt, it does provide an analysis of the policies and equity jurisprudence. And it's very difficult to differentiate between an egregious civil contempt in the district court and an egregious civil contempt in the bankruptcy court, because the bankruptcy court is a unit of the district court. So, therefore, it's still a violation of a federal court order. So in your view, had you asked for appellate fees of the district court while you were on appeal there, would the district court have had the authority to grant that relief? No, not under Sullivan. No, Judge Sullivan, not under your decision, because you expressly stated that it's only the bankruptcy court that has the authority to enforce its own order. And so you can look at this as a continuation of the enforcement of its own order. What did we make of the fact that there's no bad faith finding? Well, I think that's incorrect, Judge Jacobs, because in the contempt order itself, there's repeated and multiple violations of the district court order. But the appeal was not taken in bad faith. No. And that's what you're seeking fees for. Well, I'm seeking fees because it's a continuation of the contempt order. Well, just to follow up on Judge Jacobs' question, don't appellate rule 38 and the bankruptcy rule, which is, I think, 8020A, suggest a very strong policy against discouraging meritorious appeals? They do, but this is an exception. What is the exception, and where could I locate it? If you look at Weitzman, there is an exception when there is a violation of an order, and it has to do with an appeal in contempt. And if you look at the Aliasta case decided by the Supreme Court, historically in American jurisprudence, there are exceptions to the American rule, under which if there is a willful violation of the court order, then that exception should be. So here, as I understand it, Judge Seibel remanded initially for a clarification that was ultimately resolved in your favor. Is that correct? It was simply the insertion of the word compensatory damages. And was that not a resolution in your favor? It was. And what should we make of that, if anything? I think it's unrelated to the issue of the order. Okay. Do you have anything further, Mr. Cuevas? No, Your Honor. We'll hear from your friend on the other side, Mr. Lee. Good morning, Your Honor. My name is Michael Lee, spelled M-I-C-H-E-L-L-E, spelled M-I-C-H-E-L-L-E-E, on behalf of the attorney. This case truly involves a narrow issue. And the question really is what our creditor brings, which really is a partially successful appeal. And I do agree with my opposition that the issue of successful and unsuccessful is not as important as the application of bankruptcy tokens, specifically Section 105. And that is a really important question, is the interaction of Fee Shifting and Section 105. Section 105 is what authorizes a bankruptcy court to award sanctions, which would include a term in the cities when it finds that the creditor has violated the discharge injunction under Section 524. As the Supreme Court has said, and beside the fact that this case may provide, that departures to the American Rule, the American Rule being that each litigant takes its own way, would only exist by statute or some specific authority. When those departures from the American Rule occur, they likely produce free event. And once that event has ended, then the American Rule is re-enacted. We've got, as you point out, a statutory provision in 105 that seems or that employs quite expansive language with respect to the power of a bankruptcy court to vindicate its own orders. And we also have Rule 38, the Bankruptcy Rule 8020. And I take it that what you'd like to point out to us is that those rules somehow should narrow our reading of Section 105. Why is that? Why should we do that? Well, that is correct. Bankruptcy court is subject to those rules. And the issue with Rule 105 is that it effectively ends or effectively no longer applies once the sanctions have been awarded, which they were, by the bankruptcy court. These are the sanctions for their finding that there was a violation of the discharge injunction. At that point, the American Rule would apply again, and each party would be subject to their own fees. Rule 38 and the Bankruptcy Rule 8020 involve frivolous actions. And in this case, I believe it's been admitted or accepted that the appeal was not considered frivolous. One of the reasons why the appellant found or at least argues that they're unable to seek redress with this court. The Bankruptcy Court, Judge Morris, clearly indicated that seeking an appeal was not a violation of the injunction order, the discharge order. So in that case, there was no order to violate it by moving for an appeal. Well, I mean, that's hard to square with Weitzman, would you say? I know it's not a bankruptcy case. Right. And there are courts that have criticized Weitzman, but that's the law of the circuit. Right. So, I mean, I think it was brought up by the panel that Weitzman is quite distinguishable from this case. The first case is not a bankruptcy case. But why does that matter? I mean, bankruptcy courts have contempt authority. It seems to be coextensive with the contempt authority of a district court. Do you agree with that? Yes, I do, absolutely. So why, then, does it matter that this is a bankruptcy as opposed to a district court case? Well, I mean, in Weitzman, there were not only is it a non-bankruptcy case, applying the rules of bankruptcy, specifically the section 105 that gives the court the authority. The argument would be unlikely. There was, in that case, the column was seeking to enforce a contempt order. The person who appealed, part of the appeal, was the one who was seeking redress for the harm that they received. And that this court agreed to that in both appeals. There were two appeals in that case. This was the second appeal. So, in that case, it's distinguishable she's seeking to enforce the injunction, or force, excuse me, the contempt order. Again, in this case, there was no ongoing contempt violation. Well, is there any dispute here that Selene has been deemed to be in willful contempt of the injunction based on Chief Judge Morris' order? Well, I mean, that was litigated and adjudicated by both the bankruptcy court and the district court. So there's no dispute about that? No, that's not subject to this litigation. No. No, but again, once the sanctions for that finding were entered in an order, the American rule would apply then. But Weitzman stands for the proposition, like it or not, that, you know, but for the appellate litigation, none of the appellate litigation would have been necessary had Selene respected the bankruptcy court's discharge order, right? I mean, I believe in Weitzman, I mean, the reading of Weitzman would be fairly fact specific. I mean, again, you cover how I practically enforce a contempt order and seeking redress and questioning of fees in that case. In this case, Selene merely appealed the decision, and there was no ongoing contempt. Well, it's a discharge order, as opposed to a contempt order. Correct. Well, I mean, I think finding is contempt of the discharge order. The discharge can come in, but it's just a different way to phrase it. So that doesn't make Weitzman indistinguishable. I mean, in this case, there was a finding. Selene exercised its rights under the bankruptcy code to seek an appeal. Some words are longer here today. That is what has been permitted as a right, and in no way, shape, or form is there an ongoing violation of the injunction. And it's not a frivolous appeal, which was what I think Weitzman was really considering. Well, no, I think Weitzman should have been appellant once. Yeah. But only to clarify whether it's a punitive or a compensatory damage, right? I mean, technically, as far as the rudiment went, it was indicating that it would request the bankruptcy court to recalculate or clarify those damages, which were initially punitive in nature. Right. But it wasn't a win for your client. It was just whether the check says punitive damages in the memo section or compensatory damages in the memo section. Correct. And by virtue of simply that he may argue that it's a clerical error, it still was on validity to the appeal. Was that one of the bases for the appeal? That memo was to appeal both findings as well as the amounts that were assessed. But we're not confronted here with a situation where the bankruptcy court said, hey, this was a partial win, so in my discretion, I'm not going to award it. What the bankruptcy court said is that I don't have the authority to do it. It did, but it also said that the taking of an appeal was not a violation of the injunction, of the discharging injunction. Right. But Weitzman, the taking of an appeal in Weitzman, I guess you could say the same thing, which is why Weitzman is criticized by a lot of courts. But it seems to me that it's the same scenario. It's somebody who is taking an appeal and the Court of Appeals in Weitzman concluded that taking of that appeal led to unnecessary costs that ought to be part of what the loser pays. Well, yes, I wouldn't disagree with that generally. However, I would say that, again, the facts in Weitzman are very different. This was an appeal that was the second appeal that this party had to take for what was clearly a violation of the court order. The facts in Weitzman, if you could read them, though, where it gets detailed about the lawyer's behavior. But I do think that there is a significant difference. That was not in the bankruptcy code. The Supreme Court has been fairly clear about where the American rule applies. I wanted to argue, perhaps, that Weitzman would fall under the norm of execution if it happened to be a bankruptcy case, but it does not. Again, a bankruptcy court is subject to its own rules. And so if I could ask you the same question I asked Mr. Cuevas. So had Mr. Cuevas or his client asked for these fees in the district court, before the district court, would the district court have the authority to grant these fees? It would, of course, happen under Rule 34, the specific frivolous appeal, or if it has some bad faith, the dex that is in place. But no, under the bankruptcy code, no. 105 is fairly clear. That's under what code he is seeking these fees. And there's an extension of the injunction, the violation, the defining violation of the discharge injunction. So he is seeking the appellee's- But that's not what the bankruptcy court said, right? I mean, maybe I'm wrong. But they did, in effect, by saying that it was not a violation of the injunction, of the discharge injunction. Taking appeal was not a violation of the discharge injunction. He's effectively arguing, well, there is no order that this bankruptcy can issue. So 105 is not triggered. Correct. 105 no longer applies. There is no violation. There is no code to enforce or to- So really what we should look at are the rules themselves, that is, the bankruptcy rule. And what you're saying is that the bankruptcy rule talks about the district court and the, I guess, bankruptcy appellate panel, which is not operative here. And so Mr. Grievous is out of luck. And then there's a distinction to Weitzman. I mean, it wasn't district court that was involved in determining the award. The district court is the court that this court found did not properly assess the- That is a distinction that's as far as we can draw. Thank you very much. Mr. Grievous, you've reserved two minutes of rebuttal. Just to clarify my position. One, it is only the bankruptcy court that has authority to enforce the discharge injunction and therefore award appellate legal fees for the content. And that's from the Bellison decision. Secondly, in terms of 105 and its relationship to 524, the Supreme Court integra said that 105 is the means for the enforcement. And lastly, Your Honors, in terms of the exceptions to the Federalist Appeal, you can look at this as a very narrow exception to Federal Rule of Bankruptcy Procedure 8020 and Federal Rule of Appellate Procedure 38. Again, it goes back to the exception to the American Rule when there is multiple disobedience of a court order. And here, it's undisputed that there were 35 violations of the discharge injunction. And Judge Morris has worked with us on that in the contemporary. If you have no further questions. Thank you very much. We'll reserve the decision.